# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL GORDON STEVENS a/k/a KIM SANG CHUI,

    *Petitioner,*

vs.

STEVEN L. BRANCH, *et al.*,

    *Respondents*.

2:11-cv-00041-KJD-RJJ

ORDER

    This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, which is applied to this proceeding pursuant to Rule 1(b) thereof.

    Petitioner seeks to challenge a removal order issued on or about September 28, 1998, based upon his being convicted as an aggravated felon. Petitioner maintains, *inter alia*, that he is a United States citizen, but his citizenship claim has not been raised previously in immigration administrative proceedings. He is filing an application for a certificate of citizenship with immigration authorities contemporaneously with the present federal habeas petition. Petitioner maintains that he derived citizenship upon being admitted to the United States on January 28, 1975, as a permanent resident of the United States, at the age of seven as the adopted child of a United States citizen. He maintains that his United States citizen father was not aware that an affirmative filing was required prior to his eighteenth birthday for him to seek citizenship. Petitioner alleges that he has been denied equal

protection of the law guaranteed pursuant to the equal protection component of the Due Process Clause of the Fifth Amendment. He maintains that he has been denied equal protection because, *inter alia*: (a) a foreign born natural child of a United States citizen would automatically derive citizenship at birth without an affirmative filing requirement; and (b) a foreign born adopted or natural child of a permanent resident would automatically derive citizenship upon the naturalization of both parents or of one parent with sole custody of the child, if naturalization occurred prior to the child's eighteenth birthday.

Pursuant to 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas petition seeking to challenge a removal order, including a petition based upon a claim of United States citizenship. *See, e.g., Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007); *Carrillo-Lozano v. Stolc*, 669 F.Supp.2d 1074, 1077-79 (D. Ari. 2009). Because petitioner filed the present petition after the May 11, 2005, effective date of the above-cited jurisdictional provision, dismissal of the petition rather than transfer to the Court of Appeals is required. *E.g., Iasu*, 511 F.3d at 884 & 893.

The Court expresses no opinion as to whether petitioner has named a proper respondent for federal habeas relief, as the Court lacks jurisdiction over the petition in all events.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice for lack of jurisdiction over the subject matter.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: January 11, 2011.

_____
KENT J. DAWSON
United States District Judge